# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric George McNeill,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-24-08152-PCT-GMS<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

      Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 30) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 18 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner filed objections on January 28, 2025 (Doc. 35) and Respondents filed a reply on February 3, 2025 (Doc. 36). Petitioner then filed a Surreply on February 10, 2025 (Doc. 37) and Defendants have filed a Motion to Strike Surreply (Doc. 38).

      The Court has considered the objections and reply and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. The Court will not consider Plaintiff's Surreply (Doc. 37). Surreply briefs are not allowed by the rules. Defendants'

Motion to Strike Surreply is granted (Doc. 38).

In his objections, Mr. McNeill states that the R & R is "non-factual" in its recitation of the charges contained in his indictments and petition to revoke probation, of his acceptance of a plea bargain; the descriptions of the underlying state court proceedings and pleadings in this habeas proceeding and of his investigation into the factual basis of his habeas claims. (Doc. 35, at 1-7).

Mr. McNeil further states that the R & R "confused" the Arizona statutory limitations period with AEDPA's limitation period and that, because his claims relate only to Arizona criminal law, they are not subject to AEDPA (Doc. 35, at 9-11); that his petition is timely (Doc. 35, at 16); that he has demonstrated actual innocence based largely on the grounds contained in his habeas petition (Doc. 35, at 16-18; Doc. 12, at 13-78).

Mr. McNeil's Objections fails to cite to anything in the record to refute the R & R's factual findings or cite to authority that supports his objections to the R & R.

The Court does accept Petitioner's Objection that the R & R inaccurately calculates the time between the dismissal of his petition to revoke probation and his subsequent indictment as 13 years when it was actually 23 years (Doc. 35, 2). (Doc. 30 (R&R), p. 1, line 26)

The Court further finds that the R & R incorrectly recounts his sentence as a 9-year term in prison followed by a 23-year term because the record shows that he was sentenced to a 4-year term followed by a 23-year term (See Doc. 1-1, at 16; Doc. 18, at 2.) (Doc. 30, (R&R), p. 2, line 4).

The Court thus accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections except as set forth above. See 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** directing the magistrate judge to amend the R&R (Doc. 30) to reflect the following corrections:

1. Change 13 to 23, p. 1, line 26.

2. Change 9 to 4, p. 2, line 4.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike Surreply (Doc. 38).

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 30) and as amended as set forth above is accepted.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability is denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 11th day of February, 2025.

_____
G. Murray Snow
Senior United States District Judge